J-S10028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF JOHN J. LYNN, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1146 MDA 2020 |
| DONNA LYNN ROBERTS | : | |

Appeal from the Judgment Entered August 28, 2020
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
11012 of 2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 15, 2021**

Michael J. Hudacek, Jr. ("Administrator"), in his role as Administrator of the Estate of John J. Lynn ("the Estate"), appeals from the judgment entered after the trial court's July 30, 2020 order, granting relief in part to Donna Lynn Roberts ("Daughter") on her counterclaim for unjust enrichment. We affirm.

This case stems from an ejectment action, which the Estate originally filed against Daughter in September 2017. Daughter is one of three adult children of the decedent, John J. Lynn ("Decedent"). Decedent and Daughter lived together in his residence ("the Residence") in Luzerne County.[1] After Decedent passed away in 2014, Daughter challenged the Orphans' court's July 2015 order, which, *inter alia*, refused to accept a 2007 writing as Decedent's

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Residence is located in Mountain Top, Pennsylvania.

last will and testament, as purported by Daughter. The 2007 writing bequeathed the Residence solely to Daughter. This Court affirmed the Orphans' court's order and the Pennsylvania Supreme Court declined Daughter's petition for allowance of appeal. *See In re Estate of Lynn*, No. 154 A.3d 872 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, 166 A.3d 1240(Pa. 2017).

Thereafter, the Estate filed the instant ejectment action against Daughter, who continued to live in the Residence after Decedent's death. Daughter filed a counterclaim for unjust enrichment claiming that the Estate unjustly benefited from payments she made in connection with the Residence, including, among other things, garage door repair, plumbing, tree removal, utility bills, and landscaping costs.

The trial court conducted a trial, after which it issued an order, in December 2019, granting the Estate's ejectment petition but holding Daughter's counterclaim in abeyance. Daughter appealed to this Court, which ultimately quashed the appeal as interlocutory on July 15, 2020. Two weeks later, on July 30, 2020, the trial court ruled on Daughter's counterclaim for unjust enrichment, awarding her $13,860.07, representing the amount she had paid in taxes and insurance for the Residence. The court declined to award her any other reimbursements for purported expenses she had paid in connection with the Residence.

The court issued an opinion in support of its order which included the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. [Decedent] and his wife owned the [Residence] until their deaths.

2. [Decedent] passed away on January 19, 2014, preceded by his wife.

3. [Daughter] is one of [Decedent's] daughters.

4. [Daughter] began residing at the [Residence] in 2006 and has continued living there following the death of [Decedent].

5. [Daughter] paid expenses associated with the [Residence] during her residency there.

6. [The Estate] stipulated to the expenses [Daughter] paid in association with the [Residence].

7. [Daughter] paid $11,644.07 (Eleven Thousand Six Hundred Forty-Four Dollars and Seven Cents) toward taxes on the [Residence].

8. [Daughter] paid $2,216.00 (Two Thousand Two Hundred Sixteen Dollars and Zero Cents) toward home insurance on the [Residence].

CONCLUSIONS OF LAW

1. This Court holds jurisdiction over the present matter.

2. The taxes [Daughter] paid on the [Residence] benefitted the Estate [].

3. The home insurance [Daughter] paid on the [Residence] benefitted the Estate [].

4. [Daughter] failed to meet her burden of proof that any of the costs she paid associated with the [Residence] other than the taxes and home insurance described in paragraphs 2 and 3 above benefitted the Estate [].

Trial Ct. Op., 7/30/20, at 2-3 (citations omitted).

The Estate and Daughter filed post-trial motions, which the court denied. The instant timely appeal followed, and both the Estate and the trial

- 3 -

court complied with Pa.R.A.P. 1925. Instantly, the Estate raises a single issue for review: "Whether, under the circumstances of this case, retention by the Estate of payments made by [Daughter] of real estate taxes and home insurance on the [Residence] is inequitable." The Estate's Br. at 2-3.

The Estate argues that the court erred by concluding that the Estate was "unjustly enriched" by retaining the benefit of real estate tax and insurance payments Daughter made after Decedent's death when Daughter was residing at the Residence. The Estate emphasizes that Daughter was one of three beneficiaries of the Residence yet continued to reside at the Residence without paying rent or paying the other two beneficiaries for their share of the property.

Conversely, the trial court concluded that Administrator's own testimony credibly established that the Estate benefited from Daughter's tax (and by extrapolation insurance) payments:

[Daughter's Attorney]: And you would agree with the fact that she did pay real estate taxes for a certain period of time prior to you paying the real estate taxes?

[Administrator]: Correct.

[Daughter's Attorney]: And, obviously, if the real estate taxes weren't paid by her, then it would be a tax delinquency on the property, right?

[Administrator]: Correct.

[Daughter's Attorney]: So you would agree with me then that that benefitted the estate, the fact that she paid those real estate taxes, correct?

[Administrator]: Yes. The estate could have paid it. But, yes, it did benefit the estate.

- 4 -

N.T., 12/12/19, at 12-13; *see* Trial Ct. Op., 7/30/20, at 3-4.

However, the court found Daughter's testimony regarding her other purported expenses in connection with the Residence to be unavailing. ***See id.***; Trial Ct. Pa.R.A.P. 1925(a) Op., 11/18/20, at 11. Hence, the court ordered the Estate to reimburse Daughter for the real estate taxes and insurance she expended for the Residence but did not require the Estate to pay Daughter for her other claimed expenses.

"Our review of the trial court's decision after a non-jury trial is limited to determining whether the findings of the trial court are supported by the competent evidence and whether the trial court committed error in the application of law." ***Ramalingam v. Keller Williams Realty Grp.***, 121 A.3d 1034, 1041 (Pa.Super. 2015) (citation omitted). Moreover, and significantly here, "[i]t is not our role to pass on the credibility of witnesses, as the trial court clearly is in the superior position to do so." ***Id.*** (citation omitted).

To succeed on an unjust enrichment claim, a plaintiff must prove: "(1) benefits [were] conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." ***Wilson v. Parker***, 227 A.3d 343, 353 (Pa.Super. 2020) (citation omitted). "In determining if the doctrine applies, our focus is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched." ***Id.*** (citation omitted) (emphasis omitted).

Here, the Estate does not challenge the trial court's conclusion that Daughter made payments regarding the Residence that benefited the Estate. Hence, the first two factors of the unjust enrichment test have been met. **See id.** However, the Estate contends that the trial court erred by finding that it unjustly benefited from Daughter's tax and insurance payments because Daughter was the sole beneficiary to live rent-free at the Residence, when she was only one of three beneficiaries. We disagree.

We conclude that the trial court was well within its purview by crediting the testimony of Administrator that the Estate benefited from Daughter's payment of the taxes on the Residence. **See Ramalingam**, 121 A.3d at 1041. Regarding the insurance payments, the court aptly found Daughter's testimony that her payment of such expenses inured to the unjustifiable benefit of the Estate to be credible. Although Daughter did reside in the Residence without paying rent prior to her ejectment, she was a beneficiary of the Residence and Administrator admitted that the Estate would have been required to remit the payments at issue had Daughter not made them. The Estate notably does not contend that Daughter was entitled to only partial reimbursement, as a partial beneficiary. Rather, its position is that Daughter was entitled to no reimbursement at all. The Estate's argument is unavailing. **See id.** We therefore affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/15/2021